IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH<br><br>    Plaintiff,<br>v.<br><br>VARIAN MEDICAL SYSTEMS, INC.,<br><br>    Defendant. | Case 2:07-cv-00491-AJS<br><br>Judge Arthur J. Schwab<br><br>**Filed Electronically** |

**DEFENDANT VARIAN MEDICAL SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF UNIVERSITY OF PITTSBURGH'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 19 TO JOIN CARNEGIE MELLON UNIVERSITY**

I.  **PRELIMINARY STATEMENT**

Plaintiff University of Pittsburgh ("UPitt") has presented two basic arguments in response to the motion for summary judgment filed by Defendant Varian Medical Systems, Inc. ("Varian"). First, UPitt argued in its summary judgment opposition brief that it has standing to sue Varian for patent infringement and there is no need for non-party Carnegie Mellon University ("CMU") to be joined as a party. Varian responds to that argument in its summary judgment reply brief, submitted concurrently herewith along with a corresponding Motion for Leave to File Reply. Second, UPitt argues in its Motion to Join that CMU should be joined as party in order to address any lack of standing. Varian responds to that argument in this brief.

II. **INTRODUCTION**

UPitt is seeking to join CMU as a party almost six months after the Court-ordered deadline to move to amend the pleadings or add new parties. UPitt has no excuse for its excessive delay and cannot justify adding CMU now in light of the serious prejudice that such a late joinder would inflict on Varian.

UPitt's entire joinder argument is based on ignoring the distinction between co-owners and exclusive licensees. In all of the cases cited by UPitt, the plaintiff was an exclusive licensee and a request was made to join the patent owner as a party pursuant to Fed. R. Civ. P. 19. However, UPitt and CMU are patent co-owners, not a patent owner and an exclusive licensee. Case law recognizes that Rule 19 does not apply in the co-owner situation. A co-owner such as CMU cannot be involuntarily joined as a party. The reason is that a co-owner has the right to unilaterally grant non-exclusive licenses under its patent, and refusing to join in an infringement lawsuit is equivalent to granting a

license. Although CMU is apparently willing to join this action as a plaintiff, it cannot be permitted to do so at this late date. The defect caused by its non-participation during the last eight months is jurisdictional, and jurisdiction cannot be conferred by consent.

As noted above, Varian would be severely prejudiced if CMU were to be added as a party now. Discovery is closed, and Varian has not had the opportunity to test CMU's contentions through interrogatories or to depose CMU and obtain documents on the full range of relevant topics. Nor has CMU provided infringement contentions as required by Local Rule. In addition, CMU was not a participant in most of the depositions in this case, including several depositions of out-of-state witnesses who will not be available for trial, and there is a serious question whether the deposition testimony will be admissible at trial against CMU (who had no opportunity to cross-examine) pursuant to Fed. R. Evid. 804(b)(1). Yet another form of prejudice that Varian would suffer if CMU were added as a party is the risk that a final judgment in Varian's favor might be voided due to the jurisdictional issues created by CMU's late addition as a party. Such a result would necessitate duplicative proceedings and would expose Varian to the equivalent of double jeopardy. Varian has suffered that fate in the recent past and does not want history to repeat itself. Finally, Varian cannot foresee all possible ways that UPitt and CMU might seek to take advantage of CMU's late addition as a party. Adding CMU as a party would unfairly expose Varian to the risk of being blindsided by unforeseen issues in the future.

The present problem is one of UPitt's own creation. UPitt knew that CMU was a co-owner when it filed this action and it should have included CMU as a plaintiff at that time, but it inexcusably failed to do so. Varian should not be penalized for UPitt's negligence. If UPitt and CMU now want to jointly pursue an infringement case against

Varian, they should be required to commence a new action to avoid the possibility of jurisdictional defects and to eliminate the prejudice that Varian would suffer if the current case were to continue with CMU as an added party.

## III. ARGUMENT

### A. Rule 19 Does Not Apply in Cases, Such as the Present Case, That Involve Patent Co-Owners Rather Than a Patent Owner and an Exclusive Licensee

Rule 19(a) ordinarily permits the involuntary joinder of persons with an interest in the subject matter of a lawsuit. However, this rule does not apply to patent co-owners due to the substantive rule of patent law under which "one co-owner has the right to limit the other co-owner's ability to sue infringers by refusing to join voluntarily in the patent infringement suit." *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1264 (Fed. Cir. 2007); *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998). "[T]he courts have uniformly refused to invoke the involuntary plaintiff procedure [of Rule 19(a)] to make a co-owner of a patent an involuntary plaintiff." *Cilco, Inc. v. Precision-Cosmet, Inc.*, 624 F. Supp. 49, 52 (D. Minn. 1985); *see also Gibbs v. Emerson Elec. Mfg. Co.*, 29 F. Supp. 810, 811-12 (W.D. Mo. 1939) (holding that Rule 19(a) does not apply in the case of "coowners of patents" due to their "substantive rights," the result of which is that "one joint owner . . . cannot compel the other coowner to join in a suit for an infringement, and neither can he make him a party defendant").

UPitt misleadingly cites several cases for the proposition that "courts look to Rule 19 in determining whether a co-owner of a patent must be joined." *See* UPitt Brf. at 4. However, none of the cited cases support that point. Instead, every case cited by UPitt deals solely with the separate issue of whether a patent owner may be joined pursuant to Rule 19 in a lawsuit filed by an *exclusive licensee*, not a co-owner. *See Abbott Labs. v.*

- 3 -

*Diamedix Corp.*, 47 F.3d 1128, 1130 (Fed. Cir. 1995) ("this case can best be resolved by addressing [the question of] whether a licensee . . . has the statutory right to bring an action for infringement without joining the patent owner");[1] *Biagro Western Sales, Inc. v. Helena Chem. Co.*, 160 F. Supp. 2d 1136, 1145 (E.D. Cal. 2001) ("Plaintiff's rights are closer to those of an exclusive licensee without 'all substantial rights'."); *Intellectual Property Dev., Inc. v. TCI Cablevision of Cal.*, 248 F.3d 1333, 1347 (Fed. Cir. 2001) ("It was proper for IPD, as an exclusive licensee of fewer than all substantial rights in the '202 patent, to add CPL as a party plaintiff."); *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1376-81 (Fed. Cir. 2000) (determining that licensee lacked standing to sue without joining patent owner).

Thus, UPitt's motion must be denied because Rule 19 does not apply in this case.

**B.     Joinder of CMU as a Plaintiff Is Not Otherwise Permissible**

**1.     All Co-Owners Must Be Named as Plaintiffs at the Inception of a Patent Infringement Lawsuit**

Even though CMU is apparently willing to be added as a plaintiff, its joinder at this late date is impermissible because "all co-owners of a patent must join in an infringement suit *at its inception*." *Willingham v. Star Cutter Co.*, 555 F.2d 1340, 1343 (6th Cir. 1977) (emphasis added). "Patent law dictates that standing is determined by the parties' rights on the date suit is filed." *Alcatel USA, Inc. v. Orckit Communications*, 2000 WL 502846, *2 (N.D. Cal. Apr. 13, 2000); *see also Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) ("in order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at*

---

[1] In its opening brief, UPitt erroneously cited this case as *Abbott Laboratories v. Ortho Diagnostic Systems, Inc. See* UPitt Brf. at 3. Ortho Diagnostic Systems was another party in the case but its name is not in the title of the case.

*the inception of the lawsuit*") (emphasis in original). Thus, in *Switzer Bros., Inc. v. Byrne*, 242 F.2d 909 (6th Cir. 1957), the court affirmed an order dismissing a patent infringement complaint where two co-owners were not joined as plaintiffs when the suit was filed. The court held that this jurisdictional defect was not cured by a post-filing assignment of all rights in the patents-in-suit to the parties by the other co-owners. *Id.* at 913. It also affirmed the district court's order denying leave to add the other co-owners as parties. *Id.* "The right of the plaintiff to recover depended upon its right at the inception of the suit and the nonexistence of a cause of action when the suit was started is a fatal defect which cannot be cured by the accrual of a cause of action pending suit." *Id.*

For similar reasons, UPitt should not be permitted to cure its lack of standing by adding CMU as a plaintiff after eight months of intense litigation.

### 2.   UPitt Cannot Show Good Cause to Add a Party After the June 15, 2007 Deadline Set Forth in the Case Management Order

On June 4, 2007, this Court entered a Case Management Order pursuant to Fed. R. Civ. P. 16(e) and Local Rule 16.1.2(A). *See* Exhibit A. As required by Fed. R. Civ. P. 16(b)(1) and Local Rule 16.1.2(A)(1), the Case Management Order established a deadline for seeking leave to join other parties and to amend the pleadings. *Id.* at ¶ (4). The deadline was June 15, 2007—almost six months ago. *Id.*

Even if UPitt could cure its lack of standing by adding CMU as a party, it would have to show good cause to add a party after the deadline established in the Case Management Order. *See* Fed. R. Civ. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ."); *Componentone, L.L.C. v. Componentart, Inc.*, 2007 WL 2580635, *1-*2 (W.D. Pa. Aug. 16, 2007). "'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the

- 5 -

modification of the scheduling order." *Componentone, L.L.C.*, 2007 WL 2580635 at *2. Also relevant is whether the opposing party would be prejudiced. *See id.*

### a. UPitt Has Not Acted With Diligence in Seeking to Add CMU as a Party

UPitt cannot establish the requisite good cause here because it has not acted diligently to add CMU as a party. In *Componentone, L.L.C.*, the court denied the plaintiff's motion to add a new party on the grounds that the plaintiff should have been aware of the other party and its relevant conduct when the plaintiff filed the original complaint. *See id.* at *2. The same reasoning applies here.

All of the facts showing that CMU is a co-owner of the patents-in-suit and thus a necessary party were in UPitt's possession when it filed this lawsuit in April 2007. Three CMU researchers are named on the face of the patents, which are attached as exhibits to the Complaint. In addition, UPitt is a party to Intellectual Property Policy Guidelines that were jointly adopted by UPitt and CMU and which UPitt admits govern the two universities' respective rights with respect to the patents-in-suit. *See* UPitt SJ Opp. at 2, 5-6.[2] The Guidelines declare that jointly developed patents such as the patents-in-suit "shall be owned jointly by" UPitt and CMU. Poppe SJ Decl., Ex. P, § D.4.; *id.*, Ex. Q, § D.4.[3] Furthermore, prior to filing this lawsuit, UPitt repeatedly acted in a manner that showed its understanding that CMU was a co-owner of the patents-in-suit. *See* Varian SJ

---

[2] "UPitt SJ Opp." refers to Plaintiff University of Pittsburgh's Opposition to Defendant Varian Medical Systems, Inc.'s Motion for Summary Judgment for Lack of Standing, or in the Alternative, Motion for a Preliminary Hearing on the Issue of Standing, filed on December 5, 2007.

[3] "Poppe SJ Decl." refers to the Declaration of Matthew H. Poppe in Support of Defendant Varian Medical Systems, Inc.'s Motion for Summary Judgment for Lack of Standing, or in the Alternative, Motion for a Preliminary Hearing on the Issue of Standing, filed on November 21, 2007.

OHS West:260351948.1

Brf. at 9-12.[4] UPitt's failure to include CMU as a plaintiff at the inception of this action was purely a result of its negligent failure to perform a reasonable investigation of the patent ownership issue prior to filing suit, with the result that Varian and the Court must deal with the issue now.

### b. Varian Would Be Severely Prejudiced If CMU Were to Be Added as a Party at This Late Date

UPitt's joinder motion should be denied for the additional reason that Varian would be severely prejudiced by CMU's addition to the case eight months after the filing of the Complaint, at a time when fact discovery is closed and a claim construction hearing has already been held. UPitt's delay and the resulting prejudice to Varian may be considered as a basis for denying UPitt's motion even if the Court determines that Rule 19 applies. *See, e.g., Arnold v. BLaST Intermediate Unit 17*, 843 F.2d 122, 125 n.6 (3d Cir. 1988) (holding that joinder of party would not be permitted where there had been "ample opportunity" to join the party earlier, even though that ruling might necessitate a separate action against the other party); *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 n.23 (2d Cir. 1970) ("[T]he denial of Barr's motion to join two additional parties after four and one half years and six thousand pages of deposition testimony was not an abuse of discretion. To rule otherwise would have opened up a 'Pandora's box' of discovery, further protracting an already unduly distended case.").

Pursuant to the Case Management Order, discovery in this case closed on October 5, 2007. *See* Exhibit A at ¶ (10). UPitt argues that Varian already obtained discovery from CMU pursuant to subpoena. However, Varian would have had additional discovery

---

[4] "Varian SJ Brf." refers to the Memorandum in Support of Defendant Varian Medical Systems, Inc.'s Motion for Summary Judgment for Lack of Standing, or in the Alternative, Motion for a Preliminary Hearing on the Issue of Standing, filed on November 21, 2007.

- 7 -

OHS West:260351948.1

tools available to it if CMU had been a party during the discovery period, and Varian would have had reason to seek broader discovery from CMU if CMU were a co-plaintiff. For example, interrogatories may not be propounded to non-parties. If CMU had been named a plaintiff in this action, Varian would have wanted to propound interrogatories to CMU to learn its contentions regarding relevant issues in the case. Varian also would have had the benefit of receiving Rule 26(a) disclosures and Infringement Contentions from CMU. Because discovery is closed, however, Varian would be deprived of those important discovery devices. Varian also engaged in narrower document and deposition discovery from CMU than it would have if CMU had been a party. This can be seen by comparing the document requests and deposition topics in the subpoenas Varian issued to CMU with the document requests and deposition topics that Varian propounded to UPitt. *Compare* Exhibits B, C *with* Exhibits D, E. Varian engaged in this narrower discovery because (1) non-parties are generally not expected to undergo the same discovery burdens as parties[5] and (2) CMU's status as a non-party meant that it was not worthwhile seeking certain types of information (relating to such issues as damages, patent marking, and laches) that would have been relevant had CMU been a plaintiff.

Varian is also likely to be prejudiced at trial in connection with the use of deposition testimony if CMU is added as a party. Several witnesses have been deposed who are unlikely to appear willingly at trial and who reside outside the Court's subpoena power. These include Andre Kalend (an inventor who lives in West Virginia), Karun Shimoga (an inventor who lives in California), Charalambos Athanassiou (an inventor

---

[5] This principle is reflected in an order issued by the Court in this action quashing another subpoena that Varian issued to a third party and ordering Varian to meet and confer with the subpoenaed party on "a more reasonable and narrower request." *See* Exhibit F.

OHS West:260351948.1

who lives in Pittsburgh but has spent substantial amounts of time in Greece during recent years and was unavailable for much of the discovery period), Majid Riaziat (a former Varian engineer who lives in California), Jack Coats (a former Varian employee who lives in Maryland), and Dennis Quagliani (a former employee of non-party Elekta, Inc. who resides in Georgia). Varian will not be able to call these witnesses at trial to present live testimony and will therefore need to present their deposition testimony to the extent it is relevant. However, Varian may be precluded from using the testimony against CMU because CMU and its counsel were not present at these depositions and arguably lacked a meaningful opportunity to examine the witnesses as required by Fed. R. Evid. 804(b)(1).

Varian also would face substantial risks due to the jurisdictional issues created by CMU's late additional as a party. Even if this Court concludes that UPitt's lack of standing can be cured by adding CMU as a party, the Court of Appeal might disagree. As a result, Varian might continue to devote substantial resources to defending itself in this action, obtain a victory through summary judgment or trial, and then see its favorable judgment voided by an appellate court finding of no jurisdiction. Varian recently suffered this fate in another case and wants to avoid a repeat. *See Varian Medical Systems, Inc. v. Delfino*, 25 Cal. Rptr. 3d 298 (2005). The duplication of proceedings that would result from such a scenario would victimize not only Varian but the Court as well.

Finally, Varian cannot foresee all possible ways that UPitt and/or CMU might seek to take advantage of CMU's late addition as a party. For example, CMU might raise objections in the future based on its non-participation in earlier proceedings that Varian cannot now predict. In addition, CMU might raise unexpected arguments or issues that Varian did not have the opportunity to explore during discovery because CMU was not a

party at that time and has never provided information about its legal positions in this case. Thus, adding CMU as a party would unfairly expose Varian to the risk of being blindsided by unforeseen issues in the future.

## IV.  CONCLUSION

For the reasons stated above and in its opening brief, Varian respectfully requests that the Court deny UPitt's motion to join CMU as a party.

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Henry M. Sneath*
William L. Anthony, Jr. (admitted *pro hac vice*) (CA 106908)
Matthew H. Poppe (admitted *pro hac vice*) (CA 177854)
Zheng (Jen) Liu (admitted *pro hac vice*) (CA 229311)
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400
(650) 614-7401 (fax)
wanthony@orrick.com
mpoppe@orrick.com
jenliu@orrick.com

PICADIO SNEATH MILLER & NORTON, P.C.

Henry M. Sneath, Esquire
hsneath@psmn.com
Pa. I.D. No. 40559
Shannon M. Clougherty, Esquire
sclougherty@psmn.com
Pa. I.D. No. 88586
600 Grant Street, Suite 4710
Pittsburgh, PA 15219
(412) 288-4000 [T]
(412) 288-2405 [F]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DEFENDANT VARIAN MEDICAL SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF UNIVERSITY OF PITTSBURGH'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 19 TO JOIN CARNEGIE MELLON UNIVERSITY** was served upon all parties either individually or through counsel via:

|             |                                          |
|-------------|------------------------------------------|
| _____  | Hand-Delivery                            |
| _____  | Facsimile                                |
| _____  | First Class, US Mail, Postage Prepaid    |
| _____  | Certified Mail-Return Receipt Requested  |
| ____X____   | ECF Electronic Service                   |
| _____  | Overnight Delivery                       |

at the following addresses:

> Rita E. Tautkus
> Morgan Lewis & Bockius, LLP
> One Market – Spear Street Tower
> San Francisco, CA   94105
> rtautkus@morganlewis.com

Dated:  December 12, 2007            By: *Henry M. Sneath*
                                            Henry M. Sneath

OHS West:260351948.1