IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH | |
| Plaintiff, | |
| v. | Case 2:07-cv-00491-AJS |
| VARIAN MEDICAL SYSTEMS, INC., | Judge Arthur J. Schwab |
| Defendant. | **Filed Electronically** |

## PROPOSED ORDER OF COURT

AND NOW, to-wit, this _____ day of _____, 2008, upon consideration of Varian Medical Systems, Inc.'s Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure and/or 35 U.S.C. § 285, it is hereby ORDERED, ADJUDGED and DECREED that the foregoing Motion is GRANTED.

The Court finds that Plaintiff University of Pittsburgh ("UPitt") and its litigation counsel, Morgan Lewis & Bockius LLP ("MLB") have violated Rule 11 of the Federal Rules of Civil Procedure, and that this case is an "exceptional case" within the meaning of 35 U.S.C. § 285, for the following reasons:

(1) The allegation in the Complaint that UPitt owns the "entire right, title, and interest in and to" the patents-in-suit lacked evidentiary support when it was made. Carnegie Mellon University ("CMU") owns rights in the patents by UPitt's own admission, and all of the relevant facts were in the possession of or available to UPitt and MLB before the Complaint was filed.

(2) The argument in UPitt's opposition to Varian's Motion for Summary Judgment for Lack of Standing [Docket No. 159] that it owned "all substantial rights" in the patents-in-suit lacked evidentiary support when it was made and was not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law of the establishment of new law. The evidence indisputably shows that CMU retains the rights to use and license the inventions of the patents-in-suit. Patent law recognizes these as substantial rights

OHS West:260364621.1

for standing purposes. All of the relevant facts were in the possession of or available to UPitt and MLB prior to the filing of the Complaint, and the applicable law is well-established.

(3) The allegation in the Complaint that Varian infringed U.S. Patent Nos. 5,727,554 and 5,784,431 lacked evidentiary support when it was made. UPitt and MLB failed to conduct a reasonable pre-filing investigation of infringement because they failed to acquire, use, test, or reverse-engineer any of the accused products. UPitt and MLB had pre-filing access to those products at no expense through UPitt's sister institution, the University of Pittsburgh Medical Center, which owned samples of the accused products.

(4) UPitt and MLB unreasonably continued to advocate throughout this litigation that Varian infringed the patents-in-suit despite a lack of evidentiary support. The unreasonableness of UPitt's infringement position is shown, for example, by its failure to provide Varian with sufficiently detailed infringement contentions, its misleading quotation from a leading Federal Circuit case in connection with claim construction, and the evidence presented to the Court showing that even under UPitt's own claim construction there would be no infringement of the asserted claims of U.S. Patent No. 5,784,431.

(5) The Court finds that the above-referenced baseless allegations and legal arguments were made by UPitt and MLB for the improper purpose of attempting to coerce Varian to pay exorbitant fees to license the patents-in-suit, and for other improper purposes of delay, obfuscation, and harassment.

Based on the above findings, the Court hereby issues the following sanctions:

(1) Monetary sanctions shall be issued against UPitt and MLB, jointly and severally, in an amount to be determined, which shall represent the reasonable attorney's fees and costs incurred by Varian as a direct result of the Rule 11 violations to the extent necessary to deter future violations of Rule 11. The Court finds that UPitt and MLB are able to pay Varian's reasonable attorney's fees and expenses; that each of them is likely to engage in future patent

litigation; and that each of them had abundant time to investigate the relevant facts (and in MLB's case, the relevant law) before making the baseless allegations described above. This award is further justified by 35 U.S.C. § 285.

(2) This action is hereby DISMISSED WITH PREJUDICE. The Court finds that this further sanction is also needed to deter future violations of Rule 11 given the high stakes involved and the unreasonableness of UPitt's infringement position.

By no later than _____, 2008, Varian shall file a statement setting forth its reasonable attorney's fees and costs incurred in this action, together with supporting evidence. UPitt shall have until _____, 2008 to file a responsive statement. If Varian wishes to file a reply, it may request leave to do so promptly after the responsive statement is filed.

IT IS SO ORDERED.

BY THE COURT:

_____