IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH, | **ELECTRONICALLY FILED** |
| Plaintiff, | Civil Action No. 2:07-cv-00491-AJS |
| v. | Judge Arthur Schwab |
| VARIAN MEDICAL SYSTEMS, INC., | |
| Defendant. | |

**DEFENDANT VARIAN MEDICAL SYSTEMS'
MOTION FOR CONTEMPT SANCTIONS**

**I.      INTRODUCTION**

Defendant Varian Medical Systems ("Varian") requests that this Court grant Varian's

Motion for Contempt Sanctions against Plaintiff University of Pittsburgh ("UPitt").

On March 20, 2008, this Court issued an order ("Order") requesting that both Varian and

UPitt appear for a Status / Settlement conference ("Conference") on March 28, 2008.  The Order

explicitly required that the parties' chief trial counsel and chief business decisionmakers attend in

person and be prepared to discuss settlement and other options.  This Court further ordered that

the parties submit brief confidential letters and proposed settlement agreements to the Court prior

to the Conference.  Varian fully complied with the Order, but UPitt did not:

- UPitt did not submit a proposed settlement agreement;
- UPitt's chief business decisionmaker did not attend the Conference in person;
- UPitt failed to provide any "plausible justifications" for its behavior; and
- UPitt did not petition the Court prior to the Conference to excuse it from complying with the Order.

Based on these violations, this Court found UPitt in contempt of the Order and stated that Varian

could file an appropriate motion for sanctions.  Varian hereby seeks sanctions in the form of an

order granting Varian reimbursement for its costs incurred to prepare for and attend the

1  Conference, and attorneys' fees incurred to prepare the instant Motion.  The total amount

2  requested is $30,024.43.

3  **I.     THE COURT SHOULD GRANT VARIAN'S MOTION FOR CONTEMPT
          SANCTIONS BECAUSE PLAINTIFF HAS FAILED TO COMPLY WITH A
4          SPECIFIC AND DEFINITE COURT ORDER**

5          "A court of the United States shall have power to punish by fine or imprisonment, or both,

6  at its discretion, such contempt of its authority, and none other, as--(3) Disobedience or resistance

7  to its lawful writ, process, order, rule, decree, or command."  18 U.S.C. § 401(3).  Civil contempt

8  "vindicates the District Court's authority over a recalcitrant litigant."  *Hutto v. Finney*, 437 U.S.

9  678, 691 (1978).  Civil contempt may be employed to coerce the violator into compliance with

10  the court's order and to compensate for losses sustained by the disobedience.  *McDonald's Corp.*

11  *v. Victory Investments*, 727 F.2d 82, 87 (3d Cir. 1984).  Federal law governs a motion for civil

12  contempt of a federal order.  *Roe v. Operation Rescue*, 919 F.2d 857, 869 n.11 (3d Cir. 1990).

13          Civil contempt is committed when a person violates an order of court which requires that

14  person in specific and definite language to do or refrain from doing an act or series of acts.

15  *Lichtenstein v. Lichtenstein*, 425 F.2d 1111, 1113 (3d Cir. 1970).  To find contempt, it must be

16  established, by clear and convincing evidence, that there existed a valid order of the Court of

17  which UPitt had knowledge and which UPitt disobeyed.  *Robin Woods Inc. v. Woods*, 28 F.3d

18  396, 399 (3d Cir. 1994); *Buschmeier v. G&G Investments, Inc.*, No. 02:03-MC-00506, 2005 U.S.

19  Dist. LEXIS 23009, at *1 (W.D. Pa. 2005); *Square D Co. v. Scott Elec. Co.*, 2007 U.S. Dist.

20  LEXIS 84297, at *15 (W.D. Pa. 2007).  "[W]illfulness is not a necessary element of civil

21  contempt" and "[g]ood faith is not a defense to civil contempt."  *Robin Woods Inc.*, 28 F.3d at

22  399.  Moreover, the Third Circuit has not recognized substantial compliance as a defense to civil

23  contempt.  *Id.*.

24          There is no doubt that a valid court order with specific and definite language was issued

25  on March 20, 2008, when this Court ordered both Varian and UPitt to appear for the Conference

26  on March 28, 2008.  *See* Docket No. 262, at 1.  The order explicitly states that  "[c]hief trial

27  counsel and chief business decisionmakers shall attend in person and be prepared to discuss case

28  schedule, settlement, and further alternative dispute resolution options in detail."  *Id*.  This Court

1   further ordered that each party submit a brief confidential letter and a proposed settlement

2   agreement to the Court by noon on March 26, 2008.  *Id.*

3          Varian fully complied with the Court's order.  *See* Docket No. 282, at 2.  A person with

4   full authority to settle on Varian's behalf, Keith Askoff, appeared with lead trial counsel William

5   Anthony, as well as counsel Henry Sneath and Shannon Clougherty.  *Id.*, at 1.  Varian also

6   submitted a confidential letter and a proposed settlement agreement to the Court by noon on

7   March 26, 2008.  *See* Sneath Decl. at ¶3.

8          There is also no doubt that UPitt knew of this order.  All parties receive electronic notice

9   of any order from the Court.   In addition, UPitt's lead trial counsel, Dan Johnson, contacted Mr.

10  Sneath on March 20, 2008 and asked Mr. Sneath whether Varian would joint in a request to the

11  Court to postpone the Conference.  *See* Sneath Decl. at  ¶2.  In a subsequent phone call, Mr.

12  Sneath informed Mr. Johnson that Varian rejected UPitt's request and would appear at the

13  Conference as scheduled.  *Id.*.  Moreover, during the conference in front of the Court, Mr.

14  Johnson did not deny that he and his client knew of the order, nor did he provide any "plausible

15  justifications" for UPitt's non-compliance.  *See* Docket No.  282 at 2.

16         Not only did UPitt fail to submit a proposed settlement agreement to the Court, its chief

17  business decisionmaker, Mr. Cochran, failed to attend the Conference in person.  *See* Docket No.

18  282, at 1-2.  These failures interfered with the parties' ability to conduct meaningful settlement

19  discussions and the Court's ability to assist the parties in that endeavor.  In addition, UPitt failed

20  to petition the Court ahead of time to excuse it from complying with the Order.  *Id.*, at 2.

21         For the above reasons, this Court should grant Varian's Motion and find UPitt in contempt

22  of this Court's order.

23  **II.      THE COURT SHOULD ORDER UPITT TO COMPENSATE VARIAN FOR THE
            FEES AND EXPENSES IT INCURRED TO PREPARE FOR AND ATTEND THE**
24  **        CONFERENCE AND PREPARE THE INSTANT MOTION**

25         Sanctions for civil contempt serve two purposes: to coerce the non-compliant party into

26  compliance with the court's order and to compensate for losses sustained as a result of the

27  disobedience.  *Robin Woods Inc.*, 28 F.3d at 400.  The relief granted often "takes the form of a

28  fine in the amount of the damages sustained by a petitioner and an award of costs and attorney's

1   fees." *Quinter v. Volkswagen of America*, 676 F.2d 969, 975 (3d Cir. 1982); *Square D Co.*, 2007

2   U.S. Dist. LEXIS 84297, at *21-*22.

3        Varian expended considerable resources to prepare for and attend the Conference.  Mr.

4   Askoff traveled from California to Pittsburgh for the Conference, and Mr. Anthony traveled from

5   the East Coast to Pittsburgh on his way back to California.  The travel expenses for Mr. Askoff

6   are $1253.94 and for Mr. Anthony are $1689.04.  *See* Askoff Decl. at ¶4; Poppe Decl. at  ¶5.

7        In addition to the travel expenses, Varian incurred significant attorneys' fees to prepare

8   for the Conference.  Attorneys William Anthony, Matthew Poppe, Henry Sneath, Zheng Liu,

9   Shannon Clougherty, and Bridgette Ahn participated in formulating strategy, drafting and

10  revising the lengthy confidential letter and proposed settlement agreement, and engaging in other

11  preparations for the Conference.   Mr. Anthony, Mr. Sneath, and Ms. Clougerty attended the

12  conference with Mr. Askoff.  The total attorney fees for these activities amount to $21,782.45.

13  *See* Poppe Decl. at ¶¶2-4, 6-7; Sneath Decl. at ¶¶4-5.

14       It is also appropriate to award Varian the attorneys' fees it incurred in connection with

15  preparing the instant Motion.  "A successful party proving contempt is entitled to recover, by way

16  of civil fine, the expense of investigating the violation of the order and preparing for and

17  conducting the contempt proceeding, in addition to attorneys' fees." *Robin Woods Inc.*, 28 F.3d

18  at 400.  Varian's attorneys spent a total of 12.9 hours of attorney time preparing the instant

19  motion, with related fees amounting to $5299.  *See* Poppe Decl. at ¶¶8-9; Sneath Decl. at ¶¶6-7.

20  **III.    CONCLUSION**

21       For the reasons set forth above, Varian respectfully requests this Court to grant the instant

22  motion and award contempt sanctions, including damages and attorneys' fees.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

1   Dated:  April 3, 2008                    ORRICK, HERRINGTON & SUTCLIFFE LLP

2                                            By:   /s/ Matthew H. Poppe
                                             William L. Anthony, Jr. (admitted *pro hac vice*) (CA 106908)
3                                            Matthew H. Poppe (admitted *pro hac vice*) (CA 177854)
                                             Zheng (Jen) Liu (admitted *pro hac vice*) (CA 229311)
4                                            1000 Marsh Road
                                             Menlo Park, CA  94025
5                                            (650) 614-7400 (T)
                                             (650) 614-7401 (F)
6                                            wanthony@orrick.com
                                             mpoppe@orrick.com
7                                            jenliu@orrick.com

8                                            PICADIO SNEATH MILLER & NORTON, P.C.
                                             Henry M. Sneath, Esquire (Pa. I.D. No. 40559)
9                                            hsneath@psmn.com
                                             Shannon M. Clougherty, Esquire (Pa. I.D. No. 88586)
10                                           sclougherty@psmn.com
                                             600 Grant Street, Suite 4710
11                                           Pittsburgh, PA 15219
                                             (412) 288-4000 [T]
12                                           (412) 288-2405 [F]

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **VARIAN MEDICAL SYSTEMS, INC.'S MOTION FOR CONTEMPT SANCTIONS** has been served upon Plaintiff University of Pittsburgh, through counsel, via:

| | |
|---|---|
| _____ | Hand-Delivery |
| _____ | Facsimile |
| _____ | First Class, US Mail, Postage Prepaid |
| _____ | Certified Mail-Return Receipt Requested |
| X | ECF Electronic Service |
| _____ | Overnight Delivery |
| _____ | E-mail |

at the following addresses:

Rita E. Tautkus (by ECF)
Morgan Lewis & Bockius, LLP
One Market – Spear Street Tower
San Francisco, CA   94105
rtautkus@morganlewis.com

Dated:  April 3, 2008                    */s/ Matthew H. Poppe*
                                          Matthew H. Poppe

OHS West:260415034.3
3424-2015 ZL0/ZL0