IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNIVERSITY OF PITTSBURGH,

    Plaintiff,                             07cv0491
                                           **ELECTRONICALLY FILED**

    v.

VARIAN MEDICAL SYSTEMS, INC.,

    Defendant.

**ORDER OF COURT DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S FINDINGS OF CONTEMPT (DOC. NO. 284) AND GRANTING IN PART AND DENYING IN PART DEFENDANT VARIAN MEDICAL SYSTEMS' MOTION FOR CONTEMPT SANCTIONS (DOC. NO. 286)**

Pending before the Court is Plaintiff's Motion for Reconsideration of the Court's Findings of Contempt (doc. no. 284), with defendant's opposition thereto (doc. no. 290), and Defendant Varian Medical Systems' Motion for Contempt Sanctions (doc. no. 286), with plaintiff's opposition thereto (doc. no. 291). The Court denies the Motion for Reconsideration (doc. no. 284), and the Court grants in part and denies in part the Motion for Sanctions (doc. no. 286).

The case involves an intense patent dispute, with high-powered, out-of-town attorneys, countless pleadings despite being in the pre-claim construction stage of litigation (already approaching 300 docket entries), and continual discovery disputes, motions to quash, motions for sanctions, and "emergency" motions. Also, pending before the Court are objections to the Special Master's Report and Recommendation (doc. no. 254) (relating to plaintiff's failure to join the co-owner of the patents-in-suit at the commencement of the case as a co-plaintiff).

In light of the foregoing, the Court believed that the scheduling of a settlement conference

would be prudent. However, the Court further believed that to conduct a meaningful settlement conference, three (3) pieces needed to be in place: (1) each party needed to submit to the Court a confidential detailed settlement letter analyzing the strengths and weaknesses of the case; (2) each party needed to submit confidentially to the Court a proposed settlement agreement; and (3) importantly, the chief business decisionmaker[1] of each party was directed to attend the settlement conference, if there was to be any hope of moving beyond lawyer's gamesmanship and tactics, so the Court could talk to the chief business decisionmakers face-to-face.[2] No party, including plaintiff, filed any motion to be excused from any of these three (3) requirements, or a motion to clarify any of these three (3) requirements.

The Order of Court Setting Status/Settlement Conference (doc. no. 262) stated as follows:

> IT IS HEREBY ORDERED that a Status / Settlement conference shall be held regarding the above-captioned matter on **March 28, 2008 at 8:00 AM** in Courtroom 7C, 7th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.
>
> Chief trial counsel and chief business decisionmakers shall attend in person and be prepared to discuss case schedule, settlement, and further alternative dispute resolution options in detail.
>
> **By NOON on March 26, 2008**, each party should submit brief confidential letters to the Court detailing the relative strengths and weaknesses of their case, as well as settlement postures including monetary amounts. The letters will not be filed nor shared with opposing counsel. Accordingly, candor is expected.
>
> FURTHERMORE, **by NOON on March 26, 2008**, each party shall

---

[1] In contrast, at the initial case management conference, the "[c]hief trial counsel" was required to "attend in person," but the "client" only needed to "be available by telephone." Doc. no. 5.

[2] The court-mandated ADR Early Neutral Evaluation had concluded unsuccessfully in August 2007 (see doc. nos. 25 and 70).

submit a proposed settlement agreement to the Court. The proposed agreement
will not be filed nor shared with opposing counsel.

Counsel should be familiar with this Court's Practices and Procedures (see Court Practices and Procedures at www.pawd.uscourts.gov, link "court practice".)

The words "chief business decisionmakers" are unambiguous and were intentionally chosen, so that the Court could talk face-to-face with the "business" decisionmakers - - moving beyond the lawyers who are personally engaged in this case on a day-to-day basis. The Court spent substantial time preparing for the settlement conference. Unfortunately, plaintiff (a) failed to submit a meaningful case analysis letter to the Court; (b) failed to submit any "proposed settlement agreement to the Court" prior to the conference; and (c) failed to have in attendance "in person" "the chief business decisionmaker" of plaintiff for this important case, at the settlement conference. While a party certainly can chose not to settle a case, a party cannot refuse to participate in court-ordered settlement conferences in a meaningful manner. See Federal Rules of Civil Procedure 16(c)(2)(I), (f)(1)(C) and Local Rule 16.

Counsel for plaintiff's argument -- that they either did not understand that "business" meant "business," or that showing up with only the same legal team (including outside and inside counsel) that appeared at the initial case management conference was all that the Order required (with the "business" person being available somewhere by telephone) -- is simply not credible. While the Court appreciated the genuine apology contained in trial counsel's declaration (doc. no. 285), filed on April 3, 2008, the subsequent filing by plaintiff at doc. no. 291, filed five (5) days later on April 8, 2008, returned to the prior, implausible argument that plaintiff "substantially complied with the Court's Order and took reasonable steps to comply with this Court's Order."

As a result of plaintiff's non-compliance, no meaningful settlement discussions occurred at the March 28, 2008 settlement conference, since there were no "chief business decisionmakers" of plaintiff in attendance with which the Court could engage in meaningful settlement discussions. Thus, the Court made certain findings and rulings at the settlement conference which were set forth in the Revised Hearing Memo (doc. no. 282) as follows:

| | |
|---|---|
| Counsel for Plaintiff | Daniel Johnson, Jr.; Lauren Hillock, In House Counsel, as "business representative" for plaintiff; Jerome Cochran, Vice Chancellor, the Chief Officer with full authority, not in attendance |
| Counsel for Defendant | Henry Sneath; Shannon Clougherty; William Anthony; Keith Ascoff, Officer with full business authority |
| Court Reporter | Karen Earley |
| Law Clerk/Deputy Clerk | M. Lydon |
| Start time | 8:00 am |
| End time | 9:25 am |

**NOTED:**

Court notes plaintiff does not appear to have representative with full business authority present.

Ms. Hillock states that she has such full authority, and that Mr. Cochran, the chief business decisionmaker for plaintiff, is "on-call," although she did not know where he was physically located. Court notes that its order of 3/20/08 (doc. no. 262) states the "chief business decisionmakers" shall attend "in person."

Court directs business representatives to speak in person only with each other and report back at 9:00 am. after hearing from business representatives as to the progress of their discussion, Court finds that that Ms. Hillock is not the chief business decisionmaker for plaintiff. therefore, plaintiff did not comply with Court order of 3/20/08, stating that "Chief trial counsel and chief business decisionmakers shall

attend in person . . . ." (doc. no. 262), nor did plaintiff file a motion to modify the Court order or be excused from its directives re the "in-person" attendance of chief business decisionmaker representative.

> Court notes plaintiff also did not comply with portion of Court's Order of 3/20/08 directing it to "submit a proposed settlement agreement to the Court." The Court further finds that counsel for plaintiff was unable to articulate any plausible justification for failing to comply with the Court's order at (doc. no. 262), and did not file a motion to modify the Court order or be excused from the proposed settlement agreement requirement.
>
> Plaintiff is in contempt of Court order, and defendant, which did comply with the Court's order in all respects, may file appropriate motion for sanctions.
>
> Defendant may file sur-reply brief to pending motion today, 3/28/08, with. no objection from plaintiff.

While the Court found that plaintiff was in contempt of its Order (doc. no. 262), the Court did not find (and does not find) that any counsel of plaintiff was personally in contempt.

However, the Court continues to find that plaintiff failed to comply with said Order, and was not in compliance (and certainly not in substantial compliance - see doc. no. 291) with said Order. Plaintiff's tactic of shielding the chief business decisionmaker from the settlement conference certainly prevented the Court from having a meaningful discussion with said individual, and also kept defendant's chief business decisionmaker from having such discussions. Therefore, the Court finds no justifiable grounds to re-considering its findings of contempt as to plaintiff, and denies the Motion for Reconsideration (doc. no. 284).

Also before the Court is Defendant Varian Medical Systems' Motion for Contempt Sanctions (doc. no. 286), seeking fees and expenses of $30,024.43, and plaintiff's opposition thereto (doc. no. 291). First, it was obvious to the Court, by its review of defendant's thoughtful submission to the Court before the settlement conference, by the attendance of the "right"

business person on behalf of defendants at the settlement conference, and by the demeanor of the defendant's participation at the settlement conference, that defendant came to the conference prepared to engage in serious (albeit possibly unsuccessful) settlement negotiations. The Court appreciates this level of cooperation and pre-conference preparation.

Second, while defendant's compliance with the Order required substantial attorney hours and travel expenses - - defendant believes the total was $30,024.43, the Court finds that it is appropriate to award sanction in the lesser amount of $5,000, since most of defendant's preparation for the settlement conference will likely be put to good use in the procedure suggested in the next paragraph. This sanction is payable by plaintiff to defendant within ten (10) days of the date of this Order, and is separate from the next paragraph.

Finally, since the purpose of the Order scheduling settlement conference, and the three (3) requirements set forth therein, was to create an opportunity for the parties, at the level of the chief business decisionmaker, to engage in meaningful settlement discussions, the Court orders that plaintiff may purge itself of the findings of contempt by engaging in 2 days (for at least 7 hours per day) of settlement discussions in Pittsburgh, Pennsylvania, within 60 days of this Order of Court, either before the previously selected neutral (see doc. no. 25) or any other person of plaintiff's sole choosing, with plaintiff's chief business decisionmaker (Mr. Cochran) in attendance, together with defendant's chief business decisionmaker (Mr. Ascoff).

Plaintiff shall pay the full fees and expenses of the neutral for these 2 days but each party shall pay their own respective fees and expenses. The dates for the mediation shall be set at the convenience of the neutral. At the conclusion of the settlement conference, the neutral shall file the standard ADR form. If plaintiff chooses <u>not</u> to purge itself of the finding of contempt, then

said finding remains of record.  If plaintiff chooses to purge itself of the finding of contempt, plaintiff may file an appropriate motion after the 2 day meeting with the neutral with an affidavit of compliance by counsel.

        **SO ORDERED** this 17th day of April, 2008.

        s/ Arthur J. Schwab
        Arthur J. Schwab
        United States District Judge

cc:    All Registered ECF Counsel and Parties