IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNIVERSITY OF PITTSBURGH,

    Plaintiff,

v.

VARIAN MEDICAL SYSTEMS, INC.,

    Defendant.

07cv0491
**ELECTRONICALLY FILED**

**ORDER ADOPTING SPECIAL MASTER'S REPORT AND RECOMMENDATION (DOC. NO. 254) IN PART; AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR LACK OF STANDING (DOC. NO. 127)**

    **A.    Defendant's Motion for Summary Judgment for Lack of Standing (Doc. No. 127)**

On November 21, 2008, defendant filed a Motion for Summary Judgment for Lack of Standing, or in the Alternative, Motion for a Preliminary Hearing on the Issue of Standing (doc. no. 127). In essence, defendant sought dismissal of the case, arguing that since plaintiff was not the sole owner of the patents-in-suit because non-party CMU is a co-owner thereof, plaintiff lacks standing to sue for patent infringement. Said Motion was assigned to the Special Master pursuant to Text Order, dated November 26, 2007, and the matter thereafter was thoroughly briefed. See doc. nos. 127, 128, 130, 159, 160, 167, 170, 172.

    **B.    Prior Related Order of Court**

Instead of waiting for a ruling on said Motion by the Special Master, plaintiff filed with this Court, on December 5, 2007, a document entitled "Plaintiff University of Pittsburgh's Motion Pursuant to Federal Rule of Civil Procedure 19 to Join Carnegie Mellon University" (doc. no. 149). Defendant responded thereto with a document entitled "Defendant Varian

Medical Systems , Inc.'s Opposition to Plaintiff University of Pittsburgh's Motion Pursuant to Federal Rule of Civil Procedure 19 to Join Carnegie Mellon University" (doc. no. 162).  By Order dated December 14, 2007 (doc. no. 168), the Court denied said Motion pursuant to the June 4, 2007 Case Management Order (doc. no. 30), because said Motion was untimely in that new parties were to be added approximately 6 months earlier, by June 15, 2007, and discovery previously had closed on October 5, 2007, except for specific limited discovery.  See Case Management Order of June 4, 2007 (doc. no. 30).

Importantly, this denial (doc. no. 168) was consistent with the ruling of the Court denying, as untimely, defendant's Motion to Amend Answer (doc. no. 236) to add an affirmative defense and counterclaim of inequitable conduct.  See doc. no. 236.  Although plaintiff vigorously and successfully opposed this motion of defendant as untimely, plaintiff sought to add a new party (CMU) in a more untimely manner.

### C. Report and Recommendation of Special Master (doc. no. 254)

The Special Master on March 10, 2008, by Report and Recommendation, recommended that said defendant's Motion for Summary Judgment for Lack of Sanding (doc. no. 127) be granted.  The Special Master found that (a) the case must be dismissed if a co-owner of the patents-in-suit is not joined in the action; (b) CMU is a co-owner of the patents-in-suit, and at the time of the commencement of the action (and to the present time) had rights in the patents-in-suit, despite the transfer of certain substantial rights; and (c) CMU thus is a necessary party to this action.  Thereafter, the Special Master "recommended that the District Court grant the Motion for Summary Judgment . . . ."[1]  This Court agrees with the analysis of the Special Master on this legal point, and approves and adopts the Report and Recommendation, in part, that the

---

[1] The Special Master recommended the dismissal to be "without prejudice."

Motion for Summary Judgment for Lack of Standing (doc. no. 127) should be granted.

**D.     Dismissal With Prejudice**

The next issue is whether the dismissal should be with or without prejudice.  This issue has two (2) parts as follows: (1) Is the failure to join CMU as a necessary party correctable by adding CMU to the action now, after commencement of the case? - - an issue not addressed by Special Master; and (2) if the answer thereto is affirmative, should plaintiff in this particular case be permitted to add CMU as a party, approximately ten (10) months after the time to add new parties has closed, and approximately six (6) months after the close of discovery (see doc. no. 30), by this Court vacating its Order of December 14, 2007 (doc. no. 168) which denied plaintiff's prior Motion to Join CMU (doc. no. 149), and thus permitting plaintiff to file an Amended Complaint adding CMU?[2]

**a.     The Case Must be Dismissed Because CMU Should Have Been Joined at the Commencement of the Action**

Generally, United States patent law requires that all co-owners normally must join as plaintiffs in an infringement suit.  *International Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324, 1331 (Fed Cir. 2001).  Where one co-owner possesses an undivided part of the entire patent, the joint owner must join all other co-owners to establish standing.  *Israel Bio-*

---

[2]The Report and Recommendation stated as follows: "Although we recommend that the motion for summary judgment be granted, we recommend that it be granted without prejudice to UPitt to file an amended complaint, within thirty days, in which CMU is added as a party plaintiff, which would correct the standing deficiency.  The interests of justice and judicial economy weigh in favor of permitting an amendment to the complaint given the substantial time and resources that the parties have devoted to this case, the apparent willingness of CMU to join in the action, and the fact that CMU is subject to the jurisdiction of the Court.  In the alternative, we recommend that the District Court vacate its order dated December 14, 2007, denying UPitt's motion to join. * * * We recommend that the motion of Varian Medical System's Inc. for summary judgment be granted without prejudice to UPitt filing an amended complaint in which CMU is added as a party plaintiff.  In the alternative, we recommend that the District Court vacate the order dated December 14, 2007."  Doc. no. 254 at 10 and 11.

*Engineering Project v. Amgen Inc.*, 401 F.3d 1299, 1305 (Fed Cir. 2005) (citing *Prima Tek II, L.L.C. v. A-Roo Co,* 222 F.3d 1372, 1377 (Fed Cir. 2000)). A contrary requirement would be in conflict with the text of Rule 19(a) of the Federal Rules of Civil Procedure. ("shall be joined as a party in the action if . . . the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . leave any persons already parties subject to *substantial risk of incurring double, multiple, or otherwise inconsistent obligations* by reason of the claimed interest.").

The majority of the authority holds simply that the co-owners must be joined and is silent on the issue of at *what point* they must be joined to the suit. However, one case from the Federal Circuit provides some guidance. In *International Gamco, Inc. v. Multimedia Games, Inc.* the Court stated:

> Allowing a licensee, even one with exclusive rights to the patent for a particular field of use, to sue in its own name alone poses a substantial risk of multiple suits and even multiple liabilities against an alleged infringer for a single act of infringement. To alleviate this risk, this court's prudential standing requirement compels an exclusive licensee with less than all substantial rights, such as a field of use licensee, to join the patentee *before initiating suit*.

*International Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273, 1278 (Fed Cir. 2007). Also, the requirement that the plaintiffs be joined *at inception of the suit* may be implied from the lack of authority found holding that the plaintiffs need *not* be joined at the inception of the lawsuit.

### b. The Case Also Must be Dismissed Because of the Plaintiff's Untimely Attempt to Add CMU as a Party

Additionally, this Court declines to vacate its prior Order (doc. no. 168) denying plaintiff's Motion to Join CMU (doc. no. 149). Plaintiff obviously knew of CMU's existence and its residual rights in the patents-in-suit, and chose not to join CMU, at the inception of this

case. Whether plaintiff's very sophisticated patent counsel made this tactical decision not to join CMU in order to make discovery of CMU as a non-party more difficult for defendant, or for some other tactical reason, the Court does not know. However, plaintiff's argument that since some discovery has been conducted relating to CMU, CMU can be added as a party, and the case can simply proceed, is not credible, as any review of the docket will establish. The request to add CMU was untimely and unfair to defendant on December 5, 2007 (doc. no. 149), and it is even more so now four (4) months later.[3]

Therefore, this Court respectfully rejects the Special Master's suggestion that this Court permit plaintiff to add CMU as a party at this very late date, and likewise declines to vacate this Court's Order of December 5, 2007 (doc. no. 168) denying plaintiff's Motion to Add CMU (doc. no. 149), for the reasons stated above.

---

[3]Defendant continues to oppose the untimely addition of non-party CMU to the litigation, including because of the additional expense of the litigation to deal with the CMU discovery and other issues; and requests a straight-forward ruling on Varian Medical System, Inc.'s Motion for Summary Judgment for Lack of Standing, or in the Alternative, Motion for a Preliminary Hearing on the Issue of Standing (doc. no. 127). The Court agrees.

# CONCLUSION

Therefore, the Court will adopt in part the Report and Recommendation of the Special Master (doc. no. 254); the Court will sustain the objections contained in Defendant/Counterclaimant Varian Medical System Inc.'s Objections to Report and Recommendation of Special Master Re: Motion for Summary Judgment for Lack of Standing (doc. no. 256) relating to vacating the December 5, 2007 Order (see doc. nos. 255, 271, 272, 281); and the Court grants the Motion for Summary Judgment for Lack of Standing (doc. no. 127) and dismisses this action with prejudice.[4]

**SO ORDERED** this 30th day of April, 2008.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

---

[4] The Court's Order of Court Denying Plaintiff's Motion for Reconsideration of the Court's Findings of Contempt (doc. no. 284) and Granting in Part and Denying in Part Defendant Varian Medical Systems' Motion for Contempt Sanctions (doc. no. 286) (doc. no. 293) remains in effect.