IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNIVERSITY OF PITTSBURGH,

    Plaintiff,                              07cv0491
                                            **ELECTRONICALLY FILED**

    v.

VARIAN MEDICAL SYSTEMS, INC.,

    Defendant.

## MEMORANDUM AND ORDER DENYING (DOC. NO. 346), PLAINTIFF'S MOTION TO VACATE SEPTEMBER 1, 2009 AMENDED JUDGMENT

Following a remand to this Court from the United States Court of Appeals for the Federal Circuit, (Doc. No. 344), *University of Pittsburgh v. Varian Medical Systems, Inc.*, 569 F.3d 1328 (Fed.Cir. 2009), this Court issued the following Amended Judgment:

    AND NOW, to-wit this 1st day of September, 2009, in accordance with this Court's "Order Adopting Special Master's Report and Recommendation (Doc. No. 254) in Part; and Granting Defendant's Motion for Summary Judgment for Lack of Standing (Doc. No. 127)" [Doc. No. 294], and as directed by the Order and Judgment of the United States Court of Appeals for the Federal Circuit (Doc. No. 344), the Court hereby enters final judgment in this action. It is hereby ORDERED, ADJUDGED, and DECREED as follows: All of Plaintiff University of Pittsburgh's claims for relief set forth in its Complaint (Doc. No. 1) are DISMISSED WITHOUT PREJUDICE.

    JUDGMENT IS ENTERED IN FAVOR OF DEFENDANT, VARIAN MEDICAL SYSTEMS, INC.

Amended Judgment, September 1, 2009 (Doc. No. 345).

Plaintiff University of Pittsburgh has filed a Motion to Vacate September 1, 2009 Amended Judgment (Doc. No. 346), which requests the Court to reconsider the Amended Judgment pursuant to Fed. R. Civ. P. 59(e) or, in the alternative, requests that the judgment be vacated pursuant to Fed R. Civ. P. 60(b) in order to allow plaintiff an opportunity to file an

amended complaint in this action. In its Brief in Support, plaintiff argues that because it had previously cured the standing defect, plaintiff "intended, upon designation of the dismissal as without prejudice, to amend its complaint to allege the existence of the CMU assignment and the fact that [plaintiff] is now the sole owner of the patents-in-suit. The Amended Judgment prevents [plaintiff] from doing so, however. Therefore, in order to effectuate the Federal Circuit's intention that Pitt be afforded an opportunity to establish that the standing defect has been cured, Pitt requests that the Court vacate that judgment in order to allow Pitt to amend its complaint and continue pursuing its claims against Varian." Brief in Support of Plaintiff's Motion To Vacate September 1, 2009 Amended Judgment (Doc. No. 347), at 2.

After careful consideration of plaintiff's motion and brief in support, defendant Varian Medical Systems Inc.'s response and brief in opposition, and the Opinion and Mandate of the Court of Appeals for the Federal Circuit, the Court agrees with defendant that plaintiff's motion must be dismissed. Although plaintiff's legal position with respect to the effect of a dismissal without prejudice is not without appeal, in the abstract, the Court deems the Opinion and Mandate of the Court of Appeals to foreclose the relief plaintiff requests in this case.

The Court of Appeals held that this Court's Judgment had to be without prejudice "so as to permit filing of new action," stating in relevant portion, as follows:

> . . . [W]e hold the district court erred in dismissing the claims "with prejudice." Thus, we vacate the dismissal and remand with instructions to designate the dismissal as "without prejudice."
>
> * * * * *
>
> . . . Varian argues that we should affirm the "with prejudice" nature of the district court's dismissal because we have twice affirmed such a dismissal with prejudice. We disagree; the cases cited by Varian do not support dismissal with prejudice in this case. . . . Thus, our decisions in [*Sicom Sys., Ltd. v. Agilent*

*Techs., Inc.*, 427 F.3d 971, 980 (Fed.Cir. 2005) and [*Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1484-85 (Fed.Cir. 1998)] are entirely consistent with this court's repeated statements that <u>a dismissal for lack of standing should generally be without prejudice so as to permit the filing of a new action</u> by a party with proper standing. In this case, <u>we can discern no facts that merit deviation from that general rule</u>, and we hold that the district court abused its discretion.

*University of Pittsburgh v. Varian Medical Systems, Inc.*, 569 F.3d at 1330, 1333. (emphasis added).

Thus, the Court of Appeals' intention is unambiguously expressed in its Opinion and Mandate, and this Court's Amended Judgment – dismissing the case without prejudice and entering judgment for defendant – is entirely consistent with the Court of Appeals' directions to dismiss without prejudice "so as to permit the filing of a new action by a party with proper standing." Filing such a new action will "effectuate the Federal Circuit's intention that [Plaintiff] be afforded an opportunity to establish that the standing defect has been cured," and will also effectuate the Opinion and Mandate of the Court of Appeals, which found no reason to deviate from the general rule that the party with standing be given an opportunity to file a new suit. Plaintiff is not entitled to file an amended complaint in this action. Accordingly,

Plaintiff's Motion to Vacate September 1, 2009 Amended Judgment (Doc. No. 346) is HEREBY DENIED. However, the Court will STAY the case for 30 days to permit plaintiff an opportunity to appeal this determination.

                                                 s/ Arthur J. Schwab
                                                 Arthur J. Schwab
                                                 United States District Judge

cc:     All Registered ECF Counsel and Parties